**UNITED STATES of America,**
**Appellee,**

v.

**Jake Frank RICHARDSON,**
**Appellant.**

**No. 74–1159.**

United States Court of Appeals, Eighth Circuit.

May 15, 1974.

Jake Frank Richardson, pro se.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee in this Court but did not make appearance.

Before VAN OOSTERHOUT, Senior Circuit Judge, and STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM:

This case came before the court upon appellant's motion for appointment of counsel. We denied that motion and entered an order on April 4, 1974, directing appellant to show cause why his appeal should not be dismissed as frivolous and entirely without merit. Having now received and considered the response to the show cause order, we dismiss the appeal. *See* Local Rule 9.

Appellant was convicted of four counts for the distribution of heroin. 21 U.S.C. § 841(a)(1). Sentence was four concurrent ten-year sentences. Thereafter the court on its own motion vacated defendant's sentence and resentenced him to four ten-year concurrent sentences and in addition imposed a special parole term of six years on each count. The basis for vacation of the first sentence was the court's failure to impose the *mandatory* special parole required by 21 U.S.C. § 841(b)(1)(A).

Appellant contends that the imposition of the six-year special parole

term constituted double jeopardy and that the ten-year sentence should have been reduced. The trial court disagreed citing Bozza v. United States, 330 U.S. 160, 165–167, 67 S.Ct. 645, 91 L.Ed. 818 (1947). We agree with the trial court that *Bozza* controls this case. Where the original sentence is invalid, vacation of that sentence and imposition of another sentence, even though more severe, does not constitute double jeopardy.

Appeal dismissed.