**UNITED STATES of America, Appellee,**

v.

**DeLancy SCOTT, Appellant.**

**No. 74-1338.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1974.

Decided Sept. 16, 1974.

Stuart Cofman, St. Louis, Mo., for appellant.

Donald J. Stohr, U. S. Atty., Frederick J. Dana, Dist. Counsel, Drug Enforcement Administration, U. S. Dept. of Justice, and Richard K. Coffin, Sp. Atty., U. S. Dept. of Justice, St. Louis, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellant, DeLancy Scott, was convicted by a jury for the distribution of heroin. 21 U.S.C. § 841(a)(1). That

conviction was affirmed by this court in an unpublished opinion filed September 25, 1973.

The trial court's oral sentence given in open court was six years' imprisonment. The written "Judgment and Commitment" was for six years' imprisonment to be followed by the mandatory special parole required by 21 U.S.C. § 841(b)(1)(A).

On February 7, 1974 appellant filed a Fed.R.Crim.P. 35 motion for correction of sentence seeking resolution of the discrepancy between the oral and written sentences.

■ The trial court and the government agreed with appellant that the sentence was erroneous and therefore illegal because it was in violation of the applicable statute. We agree that the sentence as given in defendant's presence was erroneous since it omitted a term required to be imposed by law. Bozza v. United States, 330 U.S. 160, 166, 67 S. Ct. 645, 91 L.Ed. 818 (1947).

The original sentence was set aside and appellant was brought before the court and resentenced to six years' imprisonment and three years' special parole in accordance with 21 U.S.C. § 841(b)(1)(A). Credit was given for the time already served and any accumulated good time.

■ In this appeal appellant contends that the imposition of the increased sentence constituted double jeopardy and that the six year sentence should have been reduced.

This court has recently faced an identical problem and resolved the issue contrary to appellant's position. In United States v. Richardson, 498 F.2d 9 (8th Cir. 1974), this court relied on Bozza v. United States, 330 U.S. 160, 165–167, 67 S.Ct. 645, 91 L.Ed. 818 (1947), and said:

> Where the original sentence is invalid, vacation of that sentence and imposition of another sentence, even though more severe, does not constitute double jeopardy.

*Accord* Orrie v. United States, 302 F.2d 695 (8th Cir. 1962); United States v. Mack, 494 F.2d 1204 (9th Cir. 1974); Caille v. United States, 487 F.2d 614 (5th Cir. 1973).

The *Bozza* opinion is controlling in this instance as well.

Affirmed.