UNITED STATES of America,
Appellee,

v.

Mike HOWARD, Appellant.

No. 74–1185.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1974.

Decided Dec. 13, 1974.

Thomas M. Larson, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Mary A. Schneider, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before BRIGHT, STEPHENSON and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

This case presents for our consideration the effect of jury verdicts finding the defendant guilty of both the offense as charged and also of a lesser included offense.

Appellant Mike Howard was tried on an indictment charging him in two counts with distributing heroin in violation of 21 U.S.C. § 841(a)(1). At appellant's request the District Judge[1] instructed the jury that if as to either count they found unlawful possession, but no intent to distribute, they could find Howard guilty of the lesser included offense of simple possession,[2] a misdemeanor. When the jurors retired to deliberate they were given a verdict form on the indicted offenses and were told that a form for the lesser included offenses would follow. The District Judge cautioned them that the latter form was to be used only if Howard was found not guilty as charged in the indictment.

In accordance with the court's request, Howard's attorney drafted a verdict form for the lesser included offense of simple possession, which began: "If you

---

1. The Honorable William R. Collinson, United States District Judge, Eastern and Western Districts of Missouri.

2. Judge Collinson said:

    If you should find beyond a reasonable doubt that this defendant unlawfully, knowingly, intentionally possessed a controlled substance, as I defined controlled substance in these instructions, but you do not find that the defendant distributed the controlled substance, then you may find the defendant guilty of possession of a controlled substance under Section 844(a), Title 21, United States Code.

find the defendant not guilty of distributing heroin as charged by the indictment in Count I, then you must consider whether the defendant possessed heroin and did not distribute it." This form was delivered to the jurors while they were deliberating.

Contrary to the court's instructions, the jury completed and returned *both* verdict forms, finding Howard guilty on each count as charged in the indictment and also of the two lesser included offenses. The District Judge polled the jurors as to the offenses charged in the indictment and determined that each of them intended to convict Howard of the major offense on each count. He therefore approved the verdicts on the major offenses and ordered them filed. Although the verdicts on the lesser included offenses were declared to be surplusage, they, too, were filed.

■ Howard later moved to have the verdicts. set aside and to have a judgment of acquittal entered, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.[3] The District Court denied the motion, but granted a new trial on its own motion. When both the government and Howard objected to a new trial, the District Judge reversed himself and stated that he had erred in believing he could grant a new trial on his own motion.

■ At the time of allocation, Howard's attorney requested sentencing solely on the misdemeanor verdicts. The District Judge rejected this request and sentenced Howard to two consecutive one-year terms on the felony counts and two consecutive one-year terms on the

misdemeanor convictions, to be served concurrently with the felony terms.

On appeal, Howard charges that the trial court erred in accepting verdicts on both the indicted offenses and the lesser included offenses. He asserts that, at the time the verdicts were returned, the District Judge should have either (1) sent the jury out for further deliberations, (2) declared a mistrial or (3) chosen between the verdicts in a manner which would have avoided prejudice to the defendant; in the alternative Howard contends that the District Judge should have corrected the problem at the time of sentencing by disregarding the verdicts on the indicted offenses and sentencing Howard solely on the lesser included offenses. Howard asks us to vacate the felony convictions and to remand the case to the District Court with directions to amend the judgment to reflect only conviction of the lesser included offenses. For the reasons stated herein, we hold that he is not entitled to such relief.[4]

## I.

■ Howard complains that the District Judge erred in failing to require further deliberations after the jury returned verdicts on both the major and lesser included offenses. In his order of December 11, 1973, the District Judge stated: "It is obvious that the Court should have refused to accept the verdicts, further instructed the jury, and sent them back to their jury room. Due to the lateness of the hour and the fact that another jury case was scheduled to commence the next morning, this was

---

**3.** In this motion Howard also asserted that the foreman of the jury had reported to him that the jury was not unanimous in finding him guilty of distribution of heroin. His request to further interrogate the jury foreman was denied by the District Judge.

   While this issue is not directly before us (it was mentioned in Howard's brief), we note that in such circumstances a juror cannot be heard to impeach a verdict. *See* 2 C. Wright, Federal Practice & Procedure § 554, at 493 (1969).

**4.** We note at the outset that this case does not present a situation where inconsistent

verdicts have been rendered. That arises "where a guilty verdict on one count negatives some fact essential to a finding of guilty on a second count." In such circumstances the "two guilty verdicts may not stand." United States v. Daigle, 149 F.Supp. 409, 414 (D.D.C.), aff'd, 101 U.S.App.D.C. 286, 248 F.2d 608 (1957), cert. denied, 355 U.S. 913, 78 S.Ct. 344, 2 L.Ed.2d 274 (1958). Here the verdicts are entirely consistent—all of the elements necessary to a finding of guilt on the lesser included offense of possession are required to convict a person of distribution.

not done and the Court considers that it committed error by not doing so." We agree that such a procedure is preferable to the action taken by the District Judge and suggest that, in future cases where a verdict not in proper form or arguably unclear is rendered, the jury be returned to their room for further deliberations to correct the problem.[5] However, it is unnecessary for us to reach the issue of whether the failure of the District Court to require further deliberations in this case was reversible error, since the defense did not request such action. Howard raised no objection at all to the verdicts at the time they were rendered and cannot at this late date be heard to complain of the District Judge's failure to require further deliberations. *See* Tapley v. United States, 353 F.2d 786, 787 (5th Cir. 1965); Williams v. United States, 238 F.2d 215, 219 (5th Cir. 1956), cert. denied, 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957).

█ Similarly, while Howard contends the District Court should have ordered a mistrial when it was presented with the verdicts, he neither moved for a mistrial nor would accept a new trial when it was offered,[6] choosing instead to attack the verdict at the time of sentencing. Where the defense makes the tactical move of not requesting a mistrial, it should not be permitted to complain that the District Court failed to declare one on its own motion. Williams v. United States, *supra*. In that case the Fifth Circuit said:

In brief, the relief requested, a reduced sentence, is one that this Court cannot give in this case. The relief that would normally be available upon the facts found here, a new trial, is [not] desired by the appellant, presumably because of the apparent risk * * *. Defendant cannot escape his proper punishment by causing or negligently permitting error in his trial, then refusing to appeal for a new trial free from error, and finally asserting that the error was in his sentence rather than at the trial. * * * [T]here is no reason why a criminal defendant should be permitted to condone error by silence, prevent complete reconsideration by failure to request a new trial, and then assert the same error upon tenuous grounds for the limited purpose of emasculating a verdict admittedly based on sufficient, legal evidence.

We conclude that * * * failure to seek relief * * * after verdict * * * worked an effective waiver of such error as occurred.

238 F.2d at 220–221.

---

**5.** Such action was approved in United States v. Wolford, 144 U.S.App.D.C. 1, 444 F.2d 876, 887 (1971), wherein a jury had misinterpreted the trial court's instructions and returned a verdict on only one of the four counts with which each defendant was charged. *Accord,* United States v. Walker, 456 F.2d 1037, 1039 (5th Cir. 1972).

In United States v. Henson, 365 F.2d 282 (6th Cir.), cert. denied, 385 U.S. 974, 87 S.Ct. 513, 17 L.Ed.2d 437 (1966), the Sixth Circuit was faced with the problem of a verdict that was not in proper form. That court stated:

The jury returned a verdict finding the defendants guilty of certain overt acts charged in the indictment. The Court, after instructions, re-submitted the case to the jury to place their verdicts in the proper form. No objection was raised by the defendants and we find this procedure was proper.

The Court has the power, before accepting a verdict and discharging the jury to permit the jury to correct a mistake in the verdict.

*Id.* at 284; *accord,* Helms v. United States, 310 F.2d 236, 240 (5th Cir. 1962) (in case of an inadvertent mistake, district court has the power before accepting the verdict to permit the jury to correct the verdict); *see* Wilder v. United States, 246 F.2d 186, 190 (5th Cir. 1957) (where first verdict, though filed, was not responsive and unintelligible, district court properly required further deliberation). *See also* Firemen's Ins. Co. v. Craigie, 298 F.2d 457, 458–459 (8th Cir. 1962) (where jury disregarded instruction in civil case, district court properly sent it back to arrive at proper verdict in accordance with instructions).

**6.** Because of double jeopardy problems, Howard could not be forced to submit to a new trial. *See* Williams v. United States, 238 F.2d 215, 220 (5th Cir. 1956), cert. denied, 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957).

 The District Judge herein cured any ambiguity in the verdicts by polling the jurors in open court and determining that they each intended to find Howard guilty of Counts I and II as charged in the indictment. *Cf.* Amos v. United States, 496 F.2d 1269 (8th Cir. 1974); Posey v. United States, 416 F.2d 545, 554 (5th Cir. 1969), cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970); Shiflett v. Welch, 161 F.2d 933 (4th Cir.), cert. denied, 332 U.S. 777, 68 S.Ct. 41, 92 L.Ed. 362 (1947).

## II.

 A defendant may not be charged and convicted of both a major offense and a lesser included offense arising out of the same facts. *See* United States v. Lewis, 157 U.S.App.D.C. 43, 482 F.2d 632, 647 (1973); United States v. Benn, 155 U.S.App.D.C. 180, 476 F.2d 1127, 1132 (1973). *A fortiori,* a defendant may not be convicted of both the offense with which he was charged and a lesser included offense with which he was not charged. We agree with Judge Collinson, however, that while the District Court should not have accepted both sets of verdicts,[7] United States v. Johnson, 155 U.S.App.D.C. 28, 475 F.2d 1297, 1298 (1973), the verdicts on the lesser included offenses were mere surplusage. While the jury failed to follow the court's instructions, a finding of guilty on the lesser offenses as well as on the major offenses creates per se no inconsistency in conclusions; in finding the defendant guilty of the major offenses the jury must necessarily have concluded that all of the elements of the lesser included offenses were present. *See* note 4 *supra.* For the reasons stated, however, the judgment of conviction on the lesser included offenses was error and must be reversed and the sentences thereon be vacated.

 We affirm the judgment of conviction on Counts I and II as charged in the indictment. However, we note that in sentencing Howard for his violations of 21 U.S.C. § 841, the District Judge failed to impose a mandatory term of parole as required by 21 U.S.C. § 841(b)(1)(A). Since the sentence is invalid, we remand the case to the District Court for resentencing on those counts. *See* Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); United States v. Scott, 502 F.2d 1102 (8th Cir. 1974); United States v. Richardson, 498 F.2d 9 (8th Cir. 1974). In view of the mandatory term of parole prescribed, the District Court may, of course, reduce the length of the sentence of commitment should it desire to do so. *See* Fed.R. Crim.P. 35.

---

7. Judge Collinson recognized this at the time of allocution and said, "[T]he Court should not have accepted the verdict at all."