652 P.2d 151

**STATE of Arizona, Appellant,**

v.

**Leonard G. PAOLETTO, Appellee.**

**No. 1 CA–CR 5355.**

Court of Appeals of Arizona,
Division 1, Department B.

July 27, 1982.
Rehearing Denied Sept. 13, 1982.
Review Denied Oct. 5, 1982.

including kidnapping, armed robbery, sexual assault (oral contact) and sexual assault (sexual intercourse). The offenses allegedly occurred in the early morning hours of July 4, 1980. A first jury trial ended in a mistrial when a police witness inadvertently referred to the use of photographs of the defendant taken from police files.

On retrial, the defense moved for a judgment of acquittal on four different occasions pursuant to Rule 20(b), Rules of Criminal Procedure, 17 A.R.S. The first motion, made after the state had rested its case, was denied by the trial court. The second motion, after the defense had rested its case, was also denied. A third motion for judgment of acquittal was made immediately after the jury rendered its guilty verdicts. This motion was also denied, with the trial judge commenting that there were time limits within which such motions could be made with supporting memoranda. A fourth and final motion for judgment of acquittal was timely made approximately one week after the jury verdict was entered. Eight days after its filing, the trial court granted the defense motion and entered judgment of acquittal.

The defendant had prior convictions for attempted lewd and lascivious acts, Maricopa County Cause Number CR–100081, and for possession of dangerous drugs, Cause Number CR–100964. He had received periods of probation on both offenses. The probation period had expired on CR–100081 and the state attempted to revoke his probation only on CR–100964. Two violations were alleged based on the events of July 4, 1980: that defendant had violated term one of his conditions of probation by committing the alleged criminal acts and that he had violated term twelve by possessing or controlling a firearm. The parties stipulated to the simultaneous hearing on the probation violation allegations by the court during the course of the jury trial on the new indictment.

At the conclusion of all evidence in the jury trial, but prior to the jury's returning the guilty verdicts, the trial judge announced that he had found that term one

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and Tom Collins, Maricopa County Atty. by Geoffrey T. Jones, Deputy County Atty., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by Charles Krull, Deputy Public Defender, Phoenix, for appellee.

OPINION

BROOKS, Judge.

The sole issue presented by this appeal is whether the trial court erred in granting the defendant-appellee's motion for acquittal after the jury had reached guilty verdicts on all counts submitted. We reverse the judgment with directions to reinstate the guilty verdicts. The facts necessary for our determination are as follows.

Leonard G. Paoletto, hereafter referred to as defendant, was charged by indictment with four class 2 dangerous nature felonies

had not been violated, because he disbelieved the victim's testimony. Subsequently, the court found the defendant in violation of probation as to term twelve only (possession of a firearm). On the same day, oral argument was held on defendant's final motion for judgment of acquittal and motion for new trial. On the following day, the motion for judgment of acquittal was granted.

The defendant was reinstated on probation at the disposition hearing, with jail time being imposed as an additional condition. Oral argument was also held on the state's motion for rehearing as to the judgment of acquittal. The court then detailed its reasons for granting the motion for judgment of acquittal and denied the state's motion for rehearing. On that date, the state filed a timely notice of appeal from the granting of the judgment of acquittal. A.R.S. § 13–4032(8).[1]

At trial, the alleged victim testified that she was having marital difficulties with her husband and had a date with one Michael Cox on the night of July 3, 1980. After leaving his home in the early morning hours of July 4th, she ran out of gas near an intersection in Scottsdale. She testified that she was about to cross the street to a public pay phone and call Mr. Cox when the defendant appeared in a vehicle, put a small handgun to her head and told her to get in his car. He told her that she should not think about screaming or running because he was very proficient with the gun. They drove to a residence where he obtained a gas can. They proceeded to a gas station in Scottsdale and with the gun still in his hand, defendant forced the victim to give him money for gas. He then told her not to run or scream because he was a good shot and would not hesitate to shoot her. Upon leaving the station, defendant drove to the Tempe Butte area in Tempe and stopped at the top of a hill along a dirt road. At that location defendant forced her to perform fellatio and later sexual intercourse.

Throughout the entire incident he kept the gun in his hand. The victim further testified that although several people came near the car, she made no sound because she feared for her life. She told the defendant during this incident that she would not be able to go to the police because she could never explain to her husband why she was in that location, rather than with a girlfriend in Glendale as she had told him originally. Defendant took her back to her car, helped her get it started, showed her the clip from the gun with bullets in it and let her go. The victim noted the defendant's license number as he drove away.

Michael Cox testified that when he next saw the victim on July 4th, she was crying and shaking very badly and indicated to him that she had just been sexually assaulted. Cox told her to call the police and she returned home and did so.

The first officer to observe her at the beginning of the investigation noticed that she was very upset, her eyes were red and watery and there were tear streaks on her face. She gave him information on the assault including the assailant's license number. Another investigator testified that on November 19, 1980, when the victim had to return to the scene with him to direct the taking of some photos for the trial, she became noticeably upset as they approached the general area. She began crying and for a time refused to go to the immediate area of the assault. After a few minutes she calmed down and did direct the taking of the photos.

The father of defendant testified that on the night in question he heard someone come into the house, and later found doors and a side gate of his residence standing open and unlocked. He noticed that the gas can was missing from where it was normally kept.

The defendant also testified. He admitted having sexual relations at the location in question but claimed that they were consensual. He stated that the gun came into

---

1. The particular subsection under which the state has brought this appeal was added by

Laws 1980, Ch. 50, § 6.

view at one point for a brief moment when the car came to an abrupt halt and it slid forward from underneath the front seat. He indicated that he never showed the gun to the victim and that their sexual activities occurred after he had stopped to help her.

As indicated previously, the trial court set forth on the record its reasons for granting the motion for judgment of acquittal and for denying the state's motion for reconsideration. The court made the following comments:

It was pursuant to the State's stipulation with the defense that this Court consider the testimony at the trial on the probation violation pending before this Court. The Court thus became legally obligated to be a finder of fact, and thereby necessarily determine the credibility of the witnesses.

It appears from the State's position that the State has and is requesting that the Court abdicate that duty legally imposed by the State's stipulation. Of course this Court cannot abdicate any legal responsibility imposed upon this Court.

Since the Court was obligated to be a fact finder and a judge of the credibility of witnesses, at the end of the trial the Court was entitled to take some time after the evidence had been completed to consider the factual determinations which this Court was obligated to make, just as the jury was entitled to take some time for their determinations. It was a somewhat unusual situation in that both were determining their facts from the same evidence presented.

The court then noted the following portions of the victim's testimony which supported his finding that her testimony was not believable: the defendant was concerned about getting gas for her car; the victim did not attempt to escape while the defendant picked up a gas container and filled it at a gas station; she did not attempt to alert others of her situation; the defendant readily admitted to the police that he had been with the victim and that they had engaged in sexual acts which he

termed consensual; and that the defendant testified that the victim told him about her marital problems while the victim had never testified that she had told him of those problems.

The court then concluded as follows:

Based on those determinations and the Court's observations of this victim during her testimony, the Court determined that there was not credible evidence to believe the defendant had committed the alleged offenses.

\* \* \* \* \* \*

Again, since the State required this Court to become a finder of fact and therefore to determine the credibility of witnesses, this Court having fulfilled that obligation and set forth its reasons, some of which have been repeated here today, it is ordered denying the motion for reconsideration.

Our review of the record discloses that the trial judge was under the impression that the consolidation of the probation violation hearing with the jury trial on the substantive charges made the trial court the finder of fact in both actions. The record clearly establishes that the trial judge's decision to grant a judgment of acquittal was based on an evaluation of the credibility of the two principal witnesses, and that he reached different factual conclusions than did the jury.

 Rule 20, Arizona Rules of Criminal Procedure, 17 A.R.S., provides as follows:

## RULE 20. JUDGMENT OF ACQUITTAL

a. Before Verdict. On motion of a defendant or on its own initiative, the court shall enter a judgment of acquittal of one or more offenses charged in an indictment, information or complaint after the evidence on either side is closed, *if there is no substantial evidence to warrant a conviction.* The court's decision on a defendant's motion shall not be reserved, but shall be made with all possible speed.

b. After Verdict. A motion for judgment of acquittal made before verdict may be renewed by a defendant within 10

days after the verdict was returned. (Emphasis supplied.)

Thus, the trial court has no duty to order an acquittal where there is substantial evidence that a defendant has committed the crime charged, and a directed verdict should not be granted if the evidence is such that reasonable minds may differ on the inferences to be drawn therefrom. *State v. Mosely,* 119 Ariz. 393, 581 P.2d 238 (1978). "Substantial evidence" is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt. *State v. Jones,* 125 Ariz. 417, 610 P.2d 51 (1980). In a jury trial, the credibility of witnesses and weight to be given their testimony are to be determined by the jury and not by the judge. *State v. Hickle,* 129 Ariz. 330, 631 P.2d 112 (1981); *State v. Pieck,* 111 Ariz. 318, 529 P.2d 217 (1974).

█ We find that reasonable minds could differ on the inferences to be drawn from the testimony at trial and that substantial evidence existed from which reasonable persons could conclude that defendant was guilty beyond a reasonable doubt. Accordingly, we find that the trial court erred in invading the province of the jury by granting the defendant's motion for acquittal based on his belief that the victim's testimony was not credible.

We believe that our decision is further supported by *State ex rel. Hyder v. Superior Court,* 128 Ariz. 216, 624 P.2d 1264 (1981). In that case, our Supreme Court held that where a trial court denies a motion for acquittal before verdict under Rule 20(a), Rules of Criminal Procedure, 17 A.R.S., the court may not properly grant a motion for acquittal after a verdict of guilty absent a change in position on prior evidentiary rulings.

The court stated:

To find that the evidence was sufficient before the jury got the case, but not after, can be justified only on the basis of a mistake of law on the part of the court and not fact on the part of the jury.

128 Ariz. at 224, 624 P.2d at 1272.

In the case before us the trial judge has clearly set forth his reasons for setting aside the jury verdict of guilt. The reasons are all based on factual disagreements with the jury as to the credibility of the victim and the defendant, as opposed to a previous mistake of law in failing to grant the Rule 20 motions prior to verdict. This is not proper.

Defendant contends that the distinguishing feature in this case, as opposed to *State ex rel. Hyder v. Superior Court, supra,* is that defendant's probation violation hearing was being simultaneously conducted in which the judge was the trier of fact. Indeed, the trial judge's comments show that he himself considered this to be a key element in his decision to overrule the verdicts of the jury in order that the result might coincide with his fact-finding on the alleged probation violation.

█ We know of no authority, nor has any been cited, which would suggest that by consolidating a probation violation hearing with a jury trial on the substantive charges, the jury's verdict is in some way rendered advisory.

█ Our review of the record discloses that the trial judge was correct when he repeatedly denied defendant's motions for a directed verdict of acquittal prior to the jury returning their verdicts of guilty on all counts. There was clearly substantial evidence of guilt which would only be rendered unsubstantial if one chose to disbelieve the alleged victim's testimony. This was the prerogative of the jury, not the trial judge. The jury obviously chose to believe the victim and rendered their verdicts accordingly. Rule 20(a) does not permit the trial judge to set aside a judgment of guilt simply because he may disagree with the jury's fact-finding. *State ex rel. Hyder v. Superior Court, supra.* Accordingly, we find that the trial judge abused his discretion by vacating the jury verdict of guilt.

█ One other point must be addressed, which, although not raised by the parties

before this court, was briefly alluded to by the trial court in its narration of the reasons for originally granting the motion for judgment of acquittal. It is arguable that the trial court's finding of no probation violation prior to the jury verdict of guilt, based on the same evidence adduced at the same proceeding, might have collateral estoppel or *res judicata* effect so as to bar the judgment on a jury verdict. However, since our supreme court's decision in *State v. Williams,* 131 Ariz. 211, 639 P.2d 1036 (1982), it is clear that a trial court's decision on a probation violation proceeding cannot have such collateral estoppel or *res judicata* effect.

The judgment of the trial court is reversed and the case is remanded with directions to reinstate the jury verdicts of guilt and for proceedings, including sentencing, not inconsistent with this opinion.

JACOBSON and GRANT, JJ., concur.