831 P.2d 362

**STATE of Arizona, Appellee–
Respondent,**

v.

**Wayne Randle ENGRAM,
Appellant–Petitioner.**

Nos. 1 CA–CR 89–074,
1 CA–CR 89–1549–PR.

Court of Appeals of Arizona,
Division 1, Department B.

Sept. 26, 1991.

Reconsideration Denied Nov. 14, 1991.

Supplemental Opinion Nov. 19, 1991.

Review and Supplemental Petition for
Review Denied June 16, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee-respondent.

Richard M. Romley, Maricopa County Atty. by Jessica G. Funkhouser, Deputy County Atty., Phoenix, for respondent.

John M. Antieau, Phoenix, for appellant-petitioner.

Wayne Randle Engram, in pro. per.

## OPINION

KLEINSCHMIDT, Judge.

The defendant was found guilty by a jury of theft, second-degree (residential) burglary, and first-degree (residential) criminal trespass. The charge of criminal trespass was a lesser included offense of second-degree burglary. As a matter of law, the defendant could not be convicted of both. *See Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187, 196 (1977). The trial judge treated the verdict on the lesser included offense of criminal trespass as surplusage and entered judgment against the defendant only for second-degree burglary and theft. The defendant was sentenced to concurrent, aggravated terms of eight years imprisonment for theft and fifteen years for burglary.

The defendant appealed, and while the appeal was pending, he filed a petition for post-conviction relief. His attorney filed a supplemental petition and the defendant filed two supplements of his own. Following an evidentiary hearing, the court denied the petition for post-conviction relief and later denied a motion for rehearing. The defendant then filed a petition for review. We consider both the appeal and the petition for review. We affirm, and we deny

relief, but in doing so, we suggest the preferred method for handling the problem that arises when a jury reaches inconsistent verdicts.

## FACTS

The facts, taken in the light most favorable to sustaining the verdicts below, are as follows. Wayne Raufmann owned an apartment building in Phoenix which was managed by his son. In December 1987, a person who lived near the building noticed that some sliding windows and doors were missing. Craig Raufmann, the assistant manager of the building, testified that a number of gas wall heaters had been removed and were laying outside the apartments. The police were called, and when an officer arrived, he found the defendant on the premises. The defendant claimed that he had a contract with two men, DeWitt Brown and Governor Johnson, to remove salvageable appliances from the apartments. He also claimed that he was working for a person by the name of A.M. Lewis. After the officer did some preliminary checking, he arrested the defendant.

At trial, the defendant testified that he was hired by DeWitt Brown to supervise a salvage job on the apartments. He also testified that he mentioned Governor Johnson and A.M. Lewis as other people he had worked for in the salvage business. After a man named Deworth Brown was called to testify, the defendant testified that Dewitt Brown and Deworth Brown were the same man. The defendant's grandmother testified that she had seen DeWorth Brown and the defendant together on occasion.

When the jury improperly returned the inconsistent verdicts for burglary and the lesser included offense of trespass, the trial judge immediately realized that a defendant cannot be convicted for both a greater and a lesser included offense. *See Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187, 196 (1977). He polled the jury on the theft and burglary verdicts, but not on the criminal trespass verdict. He then *sua sponte* vacated the verdict as to trespass. After recessing the jury, the judge told the defendant and counsel that

the jury had also found the defendant guilty of criminal trespass. Counsel for the defendant raised no question about what had happened, interposed no objection, and did not ask that the jury be questioned further on the subject.

On appeal, the defendant argues that the inconsistent verdicts entitle him to a new trial or, in the alternative, that the trespass conviction should be substituted for the burglary conviction. He also claims that the judge failed to instruct the jury on the crimes of nonresidential burglary and trespass.

## INCONSISTENT VERDICTS

■ The jury received six forms of verdict, one each of guilty and not guilty for the three crimes of theft, second-degree burglary, and first-degree criminal trespass. As to the latter two charges, the jury was instructed as follows:

The crime of burglary in the second degree includes the less serious crime of criminal trespass in the first degree. The state may prove criminal trespass in the first degree, but fail to prove the more serious crime of burglary in the second degree. You are permitted to find the defendant guilty of the less serious crime of criminal trespass in the first degree.

(1) If the evidence does not show beyond a reasonable doubt that the defendant is guilty of burglary in the second degree; and

(2) If the evidence does show beyond a reasonable doubt that the defendant is guilty of criminal trespass in the first degree.

The defendant relies on the general rule that a person cannot be convicted of both a greater and a lesser offense and argues more specifically that since the trespass instruction contained the language that the defendant could be found guilty of trespass "If the evidence does not show beyond a reasonable doubt that the defendant is guilty of burglary in the second degree," a verdict for trespass was necessarily a finding that the defendant was not guilty of

· burglary. In isolation, the argument is an appealing one, but there are several reasons why we do not believe that it requires reversal in this case.

First, the defendant made no objection to the manner in which the court handled the matter. When it became known that the jury misunderstood the instructions, had the defendant made an issue of the problem, the trial judge might very well have explained the inconsistency to the jury and determined its true intent on the record. The defendant did nothing.

Second, every case that we can find that considers this precise problem concludes that the verdict of guilty on the lesser included offense should be vacated, and the verdict on the greater offense should be allowed to stand. *See United States v. Belt,* 516 F.2d 873 (8th Cir.1975); *United States v. Howard,* 507 F.2d 559 (8th Cir. 1974); *State v. Kinsey,* 797 P.2d 424 (Utah App.1990); *People v. Geneva,* 196 Ill. App.3d 1017, 143 Ill.Dec. 621, 554 N.E.2d 556 (1990); *Bogan v. State,* 552 So.2d 1171 (Fla. 3 Dist.Ct.App.1989); *State v. Olsan,* 231 Neb. 214, 436 N.W.2d 128 (1989); *State v. Hill,* 674 P.2d 96 (Utah 1983); *People v. Donaldson,* 91 Ill.2d 164, 61 Ill.Dec. 780, 435 N.E.2d 477 (1982).

With the exception of *United States v. Howard,* the jury instructions given in the cases cited above are not set out verbatim in those decisions. We cannot, therefore, be certain that they contained language exactly like that found in the jury instructions given in this case. Nonetheless, it is difficult to conceive how a court could instruct on lesser included offenses without apprising the jury of the fact that it could not find the defendant guilty of the lesser offense unless it found him not guilty of the greater. We believe the cases clearly support the conclusion we reach.

■ *United States v. Howard* is worth further consideration because it suggests the preferred method for dealing with the problem that arose in this case. 507 F.2d at 562. There, the jury instructions on the lesser included *offense were* substantially similar to those given here. *Id.* at 560. When the jury returned verdicts of guilty

on both the greater and the lesser offenses, the trial court declared the verdict on the lesser offense surplusage and sentenced the defendant on the greater offense. *Id.* at 561. The Court of Appeals for the Eighth Circuit held that this was not reversible error. *Id.* at 563. The court pointed out that a better way to handle the problem would be to explain the situation to the jury, reinstruct on the law, and allow the jury to deliberate further. *Id.* at 562. We recommend that method of handling any similar problems which may arise in the future.

## JURY INSTRUCTIONS

■ The defendant contends that the jury should have been instructed that nonresidential burglary is a lesser included offense of residential burglary even though his attorney failed to request such an instruction. Failure to timely request an instruction on a lesser included offense constitutes a waiver of all but fundamental error. *See generally State v. Wussler,* 139 Ariz. 428, 679 P.2d 74 (1984).

■ The court was not required to give a lesser included offense instruction on this issue. In *State v. McDonald,* 70 Ariz.Adv. Rep. 54, 1990 WL 139445 (Ct.App. Sept. 25, 1990), Division Two of this court held that nonresidential burglary is not a lesser included offense of residential burglary. The court reasoned that the two crimes have different elements because each involves a different type of building. Since it is possible to commit residential burglary without committing nonresidential burglary, the circumstances presented by this case do not meet the classic test of a lesser included offense. *Id.* at 55.

## PETITION FOR POST–CONVICTION RELIEF

In his petition for post-conviction relief, amendments, and supplements, the defendant raised a great many other issues. We address each issue preserved by his motion for rehearing.

The primary defense in this case was that the defendant had a salvage contract with DeWorth Brown to remove items from the apartments. The defendant claims that the state failed to present any physical evidence linking him to the crime; specifically, that it failed to preserve evidence of fingerprints on the items removed from the apartments and in the apartments themselves. Unless a criminal defendant can show either substantial prejudice or bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. *State v. Serna*, 163 Ariz. 260, 787 P.2d 1056 (1990). Contrary to the defendant's contention that there was no evidence linking him to the crime, he was arrested on the premises and at that time told the police that he was at the apartments to remove items under a salvage contract. There was no reason for the police to have taken fingerprints. We fail to see how fingerprints, or the lack thereof, have any bearing on this case.

The defendant further claims that the state was required to have a handwriting expert verify DeWorth Brown's signature on three exhibits that allegedly demonstrate the existence of this contract. As to Exhibit 3, an alleged bid or quotation, nothing on the exhibit appears to be a signature resembling the name of DeWorth Brown. Exhibits 22 and 23, an alleged salvage contract and a receipt supposedly issued by Brown, were introduced by the defendant and the state was under no obligation to prove their authenticity.

The defendant claims that he was entitled to an instruction like that given in *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964), though he does not specify what evidence was destroyed or lost. He did not request a *Willits* instruction at trial and cannot be heard to complain on appeal unless the error, if any, rises to the level of fundamental error. *State v. Lopez*, 163 Ariz. 108, 786 P.2d 959 (1990). No error occurred here.

The defendant claims that he was convicted under the wrong statute because there was evidence to support his claims that the apartments were not fit for human habitation. The judge is required to enter a judgment of acquittal if there is no substantial evidence to warrant a conviction. Rule 20, Arizona Rules of Criminal Procedure. Substantial evidence is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *State v. Paoletto*, 133 Ariz. 412, 652 P.2d 151 (App.1982). Here, the evidence showed that, while most of the apartments were not actually occupied, they were intended for residential use. That is all that is necessary to support a charge of residential burglary. *See* A.R.S. § 13–1501(7). The owner testified that one of the ten units was rented out as of December 2 and that he was remodeling the others. His son testified that there were no tenants living in the apartments on December 2, but that they were suitable for renting at that time. The neighbor who called the police testified that one of the apartment units had been rented until a month previous to the defendant's arrest. While there was some evidence that the apartments were not suitable for residential use, the resolution of this was a question for the jury.

The defendant claims that the trial judge was biased against him. He gives no details of how the trial judge was biased, and our review of the record reveals no bias.

The defendant claims that he received ineffective assistance of counsel because his lawyer failed to properly investigate the case and failed to present witnesses necessary for his defense. He further claims that his attorney failed to pursue a motion to remand to the grand jury and failed to file a motion for a speedy trial under Rule 8 of the Arizona Rules of Criminal Procedure.

To demonstrate ineffective assistance of counsel, a defendant must show that his counsel's actions were unreasonable under prevailing professional norms and that there is a reasonable probability of a different result. *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985); *State v. Lee*, 142 Ariz. 210, 689 P.2d 153 (1984). For the

reasons explained below, the defendant has not done this.

On the issue of lack of trial preparation, the defendant was granted an evidentiary hearing at which he called witnesses and testified himself. He said that he gave his lawyer a list of witnesses before trial. S. Del George testified that the defendant is in the salvage business and a man by the name of Paul Harper testified that he had salvage business dealings with the defendant in the past. Harper also testified that no one contacted him prior to the defendant's trial. Wilyie McCarthy testified that he met the defendant at DeWitt Brown's place of business. McCarthy also testified that he was not contacted prior to the defendant's trial.

The defendant's former counsel testified that the defendant never gave him the names of George and McCarthy as witnesses and that his investigator did contact Harper. At the end of the evidentiary hearing, the trial judge dismissed the defendant's petition.

We are hard put to understand how the testimony of these witnesses would tend to establish the defendant's innocence. In any event, the trial judge is the arbitrator of the credibility of witnesses, *State v. Fritz*, 157 Ariz. 139, 755 P.2d 444 (App. 1988), and he apparently believed the defendant's former counsel. There was no abuse of discretion.

The defendant also claims that his lawyer should have pursued a motion to remand to the grand jury. The defendant filed *pro per* motions to dismiss the indictment or remand for a redetermination of probable cause on January 7 and March 21, 1988, alleging that the grand jury proceeding was improperly conducted. Apparently, the trial judge ignored these because the defendant was represented by counsel. In any event, we have reviewed them and they are vague and conclusory. Nothing emerged at the hearing on the petition for post-conviction relief to shed more light on the matter. We cannot say counsel was ineffective for failing to have filed or pursued such a motion.

The defendant's motion to dismiss the indictment under Rule 8, filed by the defendant *pro per* on July 1, 1988, lacked merit because all continuances were granted at the defendant's request, and the time was excluded from the Rule 8 time limit. Counsel was not ineffective for having failed to file such a motion.

This court has, pursuant to A.R.S. section 13–4035, searched the record for fundamental error and found none. On appeal, the judgment is affirmed. On petition for review, review is granted but relief is denied.

GERBER, P.J., and LANKFORD, J., concur.

KLEINSCHMIDT, Judge.

After we filed our original opinion in this case, we learned that a case we relied on, *State v. McDonald*, 70 Ariz.Adv.Rep. 54, 1990 WL 139445 (App. Sept. 25, 1990), was depublished by the Arizona Supreme Court pursuant to Rule 28(f), Arizona Rules of Civil Appellate Procedure. We had relied on *McDonald* for the proposition that non-residential burglary is not a lesser included offense of residential burglary so no jury instruction on a lesser included offense was necessary.

The depublication of *McDonald* does not change the result of our decision. The defendant did not request an instruction that nonresidential burglary is a lesser included offense of residential burglary. Absent fundamental error, the failure to request a jury instruction waives the right to raise the issue on appeal. *State v. Gendron*, 168 Ariz. 153, 812 P.2d 626 (1991). Error is fundamental when it reaches the foundation of the case or when, because of the error, it cannot be said that the defendant had a fair trial. *Id.* 168 Ariz. at 155, 812 P.2d at 628. The trial court's failure to give the instruction was not fundamental error.

GERBER, P.J., and LANKFORD, J., concur.