**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOHN CHARLES POOLE,

      Defendant-Appellant.

No. 07-7080

---

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. 6:06-CR-00027-RAW-1)**

---

Robert A. Ridenour, Assistant Federal Public Defender (Julia L. O'Connell, Acting Federal Public Defender, and Barry L. Derryberry, Research and Writing Specialist, with him on the brief), Tulsa, OK, for Defendant-Appellant.

Linda A. Epperley, Assistant United States Attorney (Sheldon J. Sperling, United States Attorney, with her on the brief), Muskogee, OK, for Plaintiff-Appellee.

---

Before **KELLY, McCONNELL,** and **GORSUCH**, Circuit Judges.

---

**GORSUCH**, Circuit Judge.

      John Poole appeals his conviction for assault resulting in serious bodily injury on the basis that the jury's verdict was impermissibly ambiguous. Mr. Poole points to the fact that, in addition to finding him guilty of assault resulting in serious bodily injury, the jury proceeded to find him guilty of the lesser

included offense of simple assault – and did so despite the district court's instruction that the jury should consider the lesser offense only if it found Mr. Poole not guilty of, or could not reach a verdict on, the greater offense. As it happens, however, the district court took measures, all without contemporaneous objection, sufficient to render the verdict free of any reasonable claim of ambiguity. Accordingly, we affirm.

* * *

In the jury trial that is the subject of this appeal, the government sought to convict Mr. Poole of assault resulting in serious bodily injury for his role in a May 2006 altercation in Indian country. *See* 18 U.S.C. §§ 113(a)(6), 1151, 1152. At the close of evidence, the district court submitted the charged crime to the jury but also, at Mr. Poole's request, instructed the jury on the lesser included offense of simple assault. *See* Vol. 1, Doc. 187, at 13-14. The court's verdict form directed the jury that it should first consider the greater charge (assault resulting in serious bodily injury); that, if the jury found Mr. Poole guilty of that offense, it should stop its deliberations and return its verdict; and that if, but only if, the jury acquitted Mr. Poole or could not reach a verdict on the greater charge, it should proceed to consider the lesser charge (simple assault). Vol. 1, Doc. 188.

After less than an hour of deliberations, the jury returned a verdict finding Mr. Poole guilty of *both* assault resulting in bodily injury *and* simple assault. The district court judge read the verdict form; observed that it did not conform to his

instructions; and noted in open court that, despite his instructions, "[t]he jury did go ahead and find the defendant guilty as to the simple assault and it's signed and dated as well." Vol. 8, Tr. 204-05. The court then declared the lesser, simple assault conviction "a nullity considering [the jury's] finding on the first count," and proceeded to tell the jury, "Ladies and gentlemen, as you know, your verdict must be unanimous; therefore, I'm going to poll you to make sure this is your verdict." *Id.* The court individually polled each juror asking, "Is this your verdict?" and each juror responded in the affirmative. *Id.* at 205-06. The court then asked counsel if they wanted to argue "anything further" before the jury was discharged. The government attorney said, "No, Your Honor" and Mr. Poole's counsel added, "No, sir." *Id.* at 207. After the jury departed, Mr. Poole moved for mistrial on the basis that the jury's verdict was ambiguous and uncertain, and the district court invited briefing. *Id.* at 208. In his brief, Mr. Poole insisted that a new trial was necessary because the jury failed to follow the instructions given by the court. *See* Vol. 1, Doc. 190. The district court eventually denied the motion for a new trial, and Mr. Poole now appeals that decision to us.

* * *

We generally review a district court's denial of a motion for new trial for abuse of discretion. *United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir. 2000). While the term is susceptible of different meanings in different contexts, our precedent affords us at least this much guidance in these circumstances:

- 3 -

when a jury returns a verdict that is plainly ambiguous or uncertain on its face, the district court has an affirmative duty to "resolve that doubt," *United States v. Morris*, 612 F.2d 483, 489 (10th Cir. 1979), much as it has a duty to address any other species of plain error, *see* Fed. R. Crim. P. 52(b). Failure to address plain error here, as elsewhere, can be an abuse of discretion meriting reversal. *See infra* n.2 (setting forth our standard for reversal in plain error cases).

At the same time, we have not prescribed any rote formula a district court must follow when faced with a plainly problematic verdict. Instead, we and other courts have noted that a district court has a number of remedial tools at its disposal to clarify an ambiguous or uncertain verdict, including polling the members of the jury or asking them to conduct further deliberations, and we have recognized that different problems may call for different cures. *E.g.*, *Morris*, 612 F.2d at 489; *United States v. Howard*, 507 F.2d 559, 562 (8th Cir. 1974). Precisely because there may be more than one "right" way to clarify an ambiguous or uncertain verdict, where a party does not believe the district court's chosen remedial course is appropriate and issues a contemporaneous objection on that basis, we will simply ask whether, in the end, the district court's solution precludes a "reasonable alternative interpretation casting doubt on the jury's verdict." *United States v. Ailsworth*, 138 F.3d 843, 847 (10th Cir. 1998).[1]

---

[1] *Morris* and *Ailsworth* both involved situations where counsel raised contemporaneous objections that the verdict was uncertain. *See Morris*, 612 F.2d

(continued...)

Of course, where a party fails to object to a verdict that is not plainly problematic on its face, or where a party fails to object to the remedial course chosen by the district court to address a verdict either plainly or simply alleged by one party to be problematic, on appeal our review of such complaints is limited to traditional plain error review. *See United States v. Taylor*, 514 F.3d 1092, 1096 (10th Cir. 2008) (while the district court was obliged to address plain error in prosecutor's remarks, if counsel believed the district court's effort to remedy the effect of those remarks was insufficient, a contemporaneous objection was required); *cf. Howard*, 507 F.2d at 562 (refusing to consider defendant's claim that verdict was ambiguous because objection was not made at trial); *Jackson v. United States*, 386 F.2d 641, 643 (D.C. Cir. 1967) (per curiam) (declining to second-guess the district court's determination that verdict was plainly unambiguous when defense counsel failed to object at trial).[2]

The reasons animating our general rule for circumscribing our review when arguments are raised for the first time on appeal have perhaps particular force here. The central goal of the plain error doctrine is "to encourage timely

---

[1](...continued)
at 490 & n.15; *United States v. Ailsworth*, 948 F.Supp. 1485, 1488 n.4 (D. Kan. 1996).

[2] To prevail on plain error review, a party must show that there was (a) error, (b) that the error is plain, and (c) affects the appellant's substantial rights, as well as (d) the fairness, integrity, or public reputation of judicial proceedings. *United States v. Hasan*, 526 F.3d 653, 661 (10th Cir. 2008).

- 5 -

objections," *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004), so that the district court is "clearly on notice" of alleged problems while they can still be cured without the necessity of an appeal and new trial, *United States v. Fabiano*, 169 F.3d 1299, 1303 (10th Cir. 1999). In a case like this one, if a party alerts the district court to latent ambiguities in a verdict, that court often can simply and quickly cure the ambiguity by means of a poll, ordering further deliberations, or perhaps otherwise. Likewise, if a party objects to the particular remedial measures employed by the court in response to an allegedly problematic verdict, the district court can easily change course and add to or modify its remedial efforts while the jury is still present. If a party does not raise an objection before the jury is discharged, however, the opportunity for such simple and efficient solutions is permanently lost when jurors walk out the courtroom door.[3]

In the case before us, Mr. Poole appears to suggest that the district court committed legal error by failing to take *any* remedial measures in response to a verdict plainly ambiguous or uncertain on its face. *See* Br. at 8 ("Some action was required on the part of the district court to resolve the ambiguity and

---

[3] A contrary rule would, meanwhile, risk creating an odd incentive: encouraging counsel to avoid making a contemporaneous objection and lie in wait to attack a verdict on appeal, when nothing can be done to cure it short of ordering a new trial. *See Taylor*, 514 F.3d at 1096 ("If failing to object does not yield a more deferential standard of review than when an objection is interposed, savvy litigants . . . would be encouraged by our legal rules to remain mum about any problems . . . and raise those concerns only on appeal."). With that said, we do not mean to suggest that Mr. Poole's counsel withheld objections with any such tactical motive in mind in this case.

uncertainty."). In essence, he suggests we face here a case of completely unaddressed plain error. We cannot agree for two reasons.

*First*, the jury's verdict did not contain the sort of plain ambiguity or uncertainty necessary to trigger the district court's affirmative Rule 52(b) remedial obligations in the absence of a contemporaneous objection. Findings of guilt on greater and lesser included offenses are, after all, facially consistent, not plainly inconsistent or ambiguous: every element necessary to a finding of guilt on the lesser included offense of assault was also required to convict Mr. Poole of the greater offense of assault resulting in serious bodily harm. *See Howard*, 507 F.2d at 561 n.4. The only plainly evident problem a verdict of guilt in these circumstances poses is one of double counting, not inconsistency or ambiguity. By way of analogy, when a jury awards duplicative damages in a civil case, we do not pause to worry about inconsistency or ambiguity, but see the verdict as fully consistent and simply require the district court to reduce the judgment as a matter of law by the amount of the duplication. *See, e.g.*, *Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442, 1459 (10th Cir. 1997). And the district court essentially took just such a step here when it eliminated any duplication by voiding the guilty verdict on the lesser included offense.

Mr. Poole responds with an interesting possibility. What if, he asks, a jury returned guilty verdicts on both the charged offense and a lesser included offense, not because it believed the government proved all the elements of both offenses,

but because of a compromise in which some of the jurors found the defendant guilty of the charged offense and some found him only to be guilty of the lesser offense? For purposes of this appeal, we assume the plausibility of such a scenario. But, even so, we do not see how it is a problem plainly apparent from the face of the verdict, such that the district court had an independent obligation to clarify it. By counsel's own description of the problem, it is at most a latent one, lurking behind, not evident in, the (apparently consistent) verdict delivered by the jury. And, in such circumstances, when a party is concerned about such a latent defect, it is incumbent on that party to raise the issue contemporaneously and request a remedy it believes appropriate to correct the problem it alleges. Here, however, Mr. Poole did not do so, and the district court can hardly be faulted for failing to address a putative, but not plain, error never brought to its attention.

Our holding on this score finds confirmation and a direct parallel in *Howard*. There, a jury convicted the defendant of a charged offense and a lesser included offense, despite instructions, materially identical to those the district court issued here, that the jury should disregard the second offense if it found the defendant guilty of the first. *Howard*, 507 F.2d at 560-61. As here, the defendant did not object to the verdict as problematic while the jury was still present. *Id.* at 562. Because the verdict was not plainly problematic and the defendant did not raise his objection that the verdict had a potential latent ambiguity "at the time

[the verdict was] rendered," but instead waited until sentencing to raise it, the Eighth Circuit refused to consider his claim. *Id.* at 562.

*Second*, even assuming, counterfactually, that the jury's verdict in this case was ambiguous on its face, it is not accurate to suggest that the district court sat on its hands and did nothing. The district court expressly, before the jury and in open court, declared the lesser included simple assault offense a nullity as a matter of law. Having told the jury that its second verdict was a nullity, the court proceeded to poll the jury to ensure that each juror believed that the defendant was guilty of the greater, charged offense. All jurors responded in the affirmative. Finally, the court presented counsel an opportunity to present objections; counsel offered none. Then and only then did the court accept the jury's verdict. This simply is not a case, then, where the district court failed to act.

At oral argument before us, Mr. Poole's counsel replied that, even if the district court did take some remedial steps, its actions in this case were inadequate. Specifically, he argued that the court's poll was ineffective in guarding against the possibility of a compromise verdict because jurors might not have understood what the court meant when it declared the simple assault verdict a "nullity." Likewise, counsel submitted, jurors may have been confused as to what the court meant when it asked whether "this is your verdict," because it was not clear whether "this" referred to the guilty verdict on the charged offense alone

or the guilty verdicts on both the charged offense and the lesser offense. Finally, in his brief before us, Mr. Poole suggested that the district court was legally required to order the jury to conduct further deliberations to clarify its verdict rather than proceed with a poll.

Mr. Poole raised none of these objections to the district court's remedial efforts at trial. To the contrary, before the jury was discharged Mr. Poole was expressly given an opportunity to render just such objections and offered none. As we have indicated, in these circumstances – where the district court takes remedial steps and the appealing party levels no contemporaneous objection – we review for plain error. Doing so, we discern none.

As a matter of law, jurors are presumed to understand and follow instructions given to them, and those instructions frequently include words like "nullity" and, to be sure, concepts far more complex.[4] This is not to say that jurors always understand every word spoken to them, let alone that courts should eschew attempts to make their instructions more understandable to non-lawyers.[5]

---

[4] *See, e.g.*, *United States v. Robinson*, 435 F.3d 1244, 1249-50 (10th Cir. 2006) (court did not commit plain error by not defining "in furtherance of"); *United States v. Blasini-Lluberas*, 169 F.3d 57, 67 (1st Cir. 1999) (failure to define "materiality" not plain error); *United States v. Bafia*, 949 F.2d 1465, 1476 (7th Cir. 1991) (failure to define "in relation to" not error). The presumption that jurors understand common English terms and concepts, moreover, is one of the fundamental "premises underlying the jury system." *Gacy v. Welborn*, 994 F.2d 305, 313 (7th Cir. 1993).

[5] *See, e.g.,* Judith L. Ritter, Your Lips Are Moving . . . But the Words

(continued...)

- 10 -

But it would also be a mistake to view the presumption that jurors understand a term like "nullity" as an evidentiary claim that could be rebutted with evidence that the word was beyond the vocabulary of certain jurors. The presumption is not an evidentiary one, but a legal one. It operates as a rule of law governing the terms by which jury trials are to be conducted in our legal system consistent with the demands of due process. *Gacy v. Welborn*, 994 F.2d 305, 313 (7th Cir. 1993) ("[The presumption] is a description of the premises underlying the jury system, rather than a proposition about jurors' abilities and states of minds."). We are neither inclined nor in a position to upset such a bedrock principle of our jury system in this case.

Mr. Poole makes a slightly more salient point when he argues that the poll was insufficient to guard against the sort of compromise verdict he fears because the court asked the jury if "this" was their verdict without specifying what "this" referred to. Specifically, he argues that, when the court asked the jurors if "this" was their verdict, it was not altogether clear whether the court was referring to (i) the guilty verdict on the charged offense alone, the court having declared the lesser included offense a nullity, or (ii) the guilty verdicts on both counts as marked on the verdict form. But we think the chain of events in the courtroom

[5](...continued)
Aren't Clear: Dissecting the Presumption That Jurors Understand Instructions, 69 Mo. L. Rev. 163, 197-201 (2004) (collecting social science literature showing that juries often misunderstand their instructions).

more than made up for any possible grammatical ambiguity about the referent of the demonstrative pronoun, "this." After all, the district court polled each individual juror immediately after declaring to them in open court that the simple assault offense was no longer operative. The natural inference from this chain of events is that the simple assault charge was gone and jurors were being polled only on the remaining offense of assault resulting in serious bodily injury.

Finally, we do not agree that the district court was obliged, *sua sponte*, to direct further deliberations rather than to declare the lesser included offense a nullity and conduct a poll on the greater offense. As we have indicated, a district court has a number of tools in its kit to cure an ambiguous verdict and, in the absence of a contemporaneous objection, we will not second guess its choice of remedy unless the district court's decision was plainly erroneous in the circumstances. Mr. Poole offers us no reason to reach such a conclusion in this case beyond pointing again to potential ambiguity created by the words "nullity" and "this" in the court's poll. But, for reasons we have offered, we do not believe the jury's verdict, as eventually accepted by the district court after its remedial efforts, can be reasonably understood as suggesting anything other than a unanimous conclusion that Mr. Poole was guilty of assault resulting in serious bodily injury, and that offense alone. Accordingly, we see no error here arising

- 12 -

from the district court's remedial efforts, let alone reversible plain error.  Thus the district court did not abuse its discretion in denying Mr. Poole's motion for a new trial, and the judgment is

*Affirmed*.