FILED
United States Court of Appeals
Tenth Circuit

June 25, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRETT SWENSON,

Defendant-Appellant.

No. 07-8097
(D.C. No. 2:07-CR-34-ABJ-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **McWILLIAMS**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

Brett Swenson appeals his convictions for receipt, possession, and attempted distribution of child pornography.  The government concedes error with respect to the receipt conviction and we reverse on that count.  With respect to the remaining possession and attempted distribution convictions, we affirm.

---

[*]  After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

At trial, the government contended that Mr. Swenson used a peer-to-peer networking application, "Limewire," to receive, possess, and distribute child pornography. Once installed on a computer, Limewire allows a user to search for, download, and share various types of files over the Internet with other users of the Limewire application. With the program, a user can input search terms, such as the name of a file or subject matter, and receive in response a list of matching files being shared by computers connected to the Limewire network. The user may then select for download a desired file from the list and connect to the computer sharing the file to obtain it. The user can also share files with others by placing files in a computer folder designated for sharing, although this sharing feature is elective and may be disabled. *See generally United States v. Shaffer*, 472 F.3d 1219, 1221-22 (10th Cir. 2007) (describing operation of peer-to-peer networking applications).

The evidence produced at trial showed that, in September 2006, Special Agent Flint Waters, a member of the Wyoming State Criminal Investigation Division, located a computer in Casper, Wyoming offering child pornography files for download via Limewire. In total, the computer made available for download 608 files, 16 of which were known images of child pornography and several others of which bore names consistent with child pornography. Agent Waters personally downloaded six child pornography files from the Casper

computer.  In the process of the download, Agent Waters was able to capture the computer's IP address.

With the help of a public website, Agent Waters determined that the IP address was owned by Qwest Communications.  He then asked Nicole Balliett, Senior Special Agent with Immigration and Customs Enforcement, to serve a summons on Qwest asking the company to release subscriber information related to the IP address.  In response to that summons, Qwest reported that the IP address was associated with Mr. Swenson and his residence in Casper.  FBI Special Agent Todd Scott then obtained a search warrant authorizing a search of Mr. Swenson's home.

Agents executing the warrant found a computer in the office area of Mr. Swenson's house that was then in the process of downloading three files from Limewire.  The download was in response to the search terms "sweet krissy" and "lsh," and each of the files contained child pornography.  Agents seized the computer, and a forensic examination later unearthed over 2,000 images of child pornography stored on the hard drive, including 1,988 still images and 80 video clips.

At the conclusion of trial, the jury was charged with rendering verdicts on three counts: (1) attempted distribution of child pornography (18 U.S.C. § 2252A(a)(2)); (2) receipt of child pornography (18 U.S.C. § 2252A(a)(2)); and (3) possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)).  The jury

found Mr. Swenson guilty of all three counts.  Mr. Swenson challenges each of these convictions on appeal before us.

We begin with count two, the receipt charge, because there the parties agree.  The indictment charged Mr. Swenson with unlawful receipt of a single digital image.  Because this case was tried under a predecessor version of 18 U.S.C. § 2252A, the government was obliged to prove that this particular image had been mailed, shipped, or transported "in interstate commerce or foreign commerce."  But the only evidence or argument the government offered at trial to satisfy this requirement rested on the assumption that, because the particular image in question had been downloaded from the Internet, it must have traveled across state lines.  Appellee Br. at 22.  Likely as this assumption may be given the global reach of the Internet, the government concedes it is insufficient to sustain Mr. Swenson's conviction under *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007).  Handed down shortly after the trial in this case, *Schaefer* expressly held that, under the version of 18 U.S.C. § 2252A applicable to this case, "it is not enough to assume that an Internet communication necessarily traveled across state lines in interstate commerce." *Id.* at 1200-01.  Notably, other circuits sanction the very assumption *Schaefer* rejected and Congress responded to *Schaefer* by amending § 2252A to make clear that such an assumption will be tenable in future cases.  *See* 18 U.S.C. § 2252A (October 8, 2008); David M. Frommell, Note: Pedophiles, Politics, and the Balance of Power:

The Fallout From *United States v. Schaefer* and the Erosion of State Authority, 86 Denv. U. L. Rev. 1155 (2009). Still, the government concedes, as it must, that this case is governed by the pre-amendment statute and the *Schaefer* decision and, accordingly, that "the Defendant is entitled to a judgment of acquittal on this count." Appellee Br. at 22.

Count one, attempted distribution, is another story. The indictment on this count, unlike on count two, was not restricted to a single digital image, and thus the government was free to prove that any image of child pornography its agent had downloaded from Mr. Swenson's computer in September 2006 traveled in interstate or foreign commerce. *See* 18 U.S.C. § 2252A(a)(2). Even so, Mr. Swenson argues that the government's proof on the interstate commerce element was insufficient. Because he failed to raise this challenge before the district court, our review is for plain error only. *Schaefer*, 501 F.3d at 1199-1200. To win relief under this standard, Mr. Swenson must show (1) an error, (2) that is plain, (3) that affects his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Poole*, 545 F.3d 916, 919 n.2 (10th Cir. 2008). We see no error in Mr. Swenson's conviction on this count, much less one meeting this high threshold.

Unlike how it proceeded under the receipt charge, on the attempted distribution charge the government did not rely on the assumption that a file downloaded from the Internet must have traveled interstate. Instead, on this

count, the government provided testimony from one of its agents that at least one image Mr. Swenson made publicly available for file sharing bore the words "Photo by Carl," and was "consistent with the Carl series that's being distributed out of South America" that the agent was familiar with from other child pornography investigations. Vol. IV, at 137-38. A reasonable jury could (even if it need not) conclude from this evidence that, for the image to wend its way from South America to Wyoming, it had traveled in interstate or foreign commerce – such that, in Section 2252A(a)(2)'s then-operative terms, Mr. Swenson had attempted to distribute "child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer." *See, e.g.*, *United States v. Clawson*, 831 F.2d 909, 913 (9th Cir. 1987) (fact that firearm had been manufactured in Germany was sufficient to prove that it had moved in interstate commerce); *United States v. Gann*, 732 F.2d 714, 724 (9th Cir. 1984) (same). This case, then, is the "typical[]" case where "the evidence of the interstate element . . . can be gleaned from the record" evidence, and not a case where the government relies exclusively on an assumption that materials downloaded from the Internet traveled in interstate commerce. *Schaefer*, 501 F.3d at 1208 (Tymkovich, J., concurring) (explaining that *Schaefer* itself was "not such a [typical] case").

Besides his sufficiency challenge, Mr. Swenson also challenges the district court's jury instructions on count one. This challenge, too, centers on the then-

- 6 -

operative interstate commerce element of 18 U.S.C. § 2252A(a)(2), with Mr. Swenson complaining that the district court's instructions left the jury free to make the Internet-download-equals-interstate-commerce assumption rejected by *Schaefer*. The problem for Mr. Swenson is that he proffered the very instructions of which he now complains. And a party generally may not secure reversal on the basis of error he or she invited. *See United States v. Deberry*, 430 F.3d 1294, 1302 (10th Cir. 2005) ("[T]he invited-error doctrine precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt."); *United States v. Visinaiz*, 428 F.3d 1300, 1310-11 (10th Cir. 2005) (stating that because defense counsel had proffered the allegedly erroneous instruction, "a challenge thereto is precluded as invited error"). Neither are we directed to any possibly applicable exception to this rule. For example, while Mr. Swenson proffered his instructions before *Schaefer* was handed down, this is not a case where it would have been futile for Mr. Swenson to make the argument he now presses before us: the argument adopted in Mr. Schaefer's case was equally available to Mr. Swenson in this circuit at the time of his trial.

We come finally to count three, the possession charge. Here again Mr. Swenson's appeal can be for plain error only, and here again no such error exists. Under the version of 18 U.S.C. § 2252A(a)(5)(B) in force at the time of Mr. Swenson's challenged conduct, indictment, and trial, it was unlawful for a person

to "knowingly possess[] any . . . material that contains an image of child pornography that [among other things] was *produced* using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer." (emphasis added). Mr. Swenson concedes that his computer's hard drive had been manufactured in Malaysia and had traveled in interstate or foreign commerce to reach him. Aplt. Br. at 17. Still, he disputes that his hard drive "produced" images of child pornography by downloading them from the Internet and making them available to others via Limewire. We have previously rejected this argument, however, holding that computerized images are "produced" by a hard drive when the hard drive is used to copy or download the images. *United States v. Schene*, 543 F.3d 627, 638-39 (10th Cir. 2008). We are of course bound by this decision and its upshot means that in Mr. Swenson's case the jury was free to conclude that materials (namely, his hard drive) that had traveled in interstate or foreign commerce "produced" child pornography images.[1]

Mr. Swenson's convictions on counts one and three are affirmed. His conviction on count two is reversed and this matter is remanded for further

_____

[1] Mr. Swenson also appeals the denial of his motion to suppress, asserting that under the terms of the Electronic Communications Act, Qwest was not authorized to release his subscriber information to the government. Aplt. Br. at 23 (citing 18 U.S.C. § 2703(c)(2)). As Mr. Swenson concedes, however, his argument is (also) foreclosed by our precedent. Subscriber information provided to an Internet service provider is not protected by the Fourth Amendment's privacy expectation. *United States v. Perrine*, 518 F.3d 1196, 1204 (10th Cir. 2008). Neither do violations of the Electronic Communications Act warrant exclusion of evidence. *Id.* at 1202; *see also* 18 U.S.C. § 2707, § 2708.

proceedings consistent with this order and judgment.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge