FILED
United States Court of Appeals
Tenth Circuit

October 21, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

　　Plaintiff–Appellee,

v.

TIMOTHY ADAM BAUM,

　　Defendant–Appellant.

No. 13-8012
(D.C. No. 2:12-CR-00124-NDF-1)
(D. Wyo.)

_____

ORDER AND JUDGMENT[*]

_____

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

_____

Timothy Baum appeals following his guilty plea to possession of child

pornography. His counsel moves for leave to withdraw in a brief filed pursuant to

Anders v. California, 386 U.S. 738 (1967). Baum filed a pro se response to the Anders

_____

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

brief raising several issues. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we dismiss the appeal and grant counsel's motion to withdraw.

**I**

A search of Baum's home led to the seizure of a laptop computer and other storage media containing hundreds of images and videos of child pornography. Pursuant to a plea agreement, Baum pled guilty to possession of child pornography. The government agreed to dismiss a charge for receipt of child pornography and to recommend a three-level reduction for acceptance of responsibility.

A Presentence Investigation Report ("PSR") noted Baum's prior convictions for sexual abuse of minors, the facts surrounding his arrest, the number of images found, his use of the internet to collect the images, and the fact that a law enforcement agent was able to download child pornography from Baum's computer over the internet through a peer-to-peer network. At sentencing, defense counsel stated that he had "no factual objections, [and] no objections to the calculation of offense level or Criminal History Category." The court adopted the PSR as its findings of fact. Baum's advisory Guidelines range was 168 to 210 months' imprisonment, but the PSR recommended an adjustment to account for a related state sentence Baum was then serving, yielding a range of 158 months and 15 days to 200 months and 15 days. The district court sentenced Baum to 200 months' imprisonment and a lifetime of supervised release. Baum timely appealed.

## II

Under Anders, if "counsel conscientiously examines a case and determines that any appeal would be wholly frivolous," counsel must submit a brief identifying any potentially appealable issues to the court and the client. United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). The defendant may then file a pro se brief. Id. Our task in an Anders case is to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." Id. If so, we will grant counsel's motion to withdraw and dismiss the appeal. Id.

Because Baum did not raise any of the issues advanced on appeal before the district court, we conduct our examination through the lens of plain-error review. See United States v. Ferrel, 603 F.3d 758, 763 (10th Cir. 2010). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Landeros-Lopez, 615 F.3d 1260, 1263 (10th Cir. 2010) (quotation omitted). We construe Baum's pro se filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Baum first argues that the government improperly charged him with both possession of child pornography and receipt of child pornography because the former is a lesser included offense of the latter. See United States v. Benoit, 713 F.3d 1, 13-14 (10th Cir. 2013). Baum suggests that in charging him with both crimes—and, in particular, in

offering him a plea deal in which one of the two counts would be dropped—the government violated his Fifth Amendment right not "to be twice put in jeopardy of life or limb." U.S. Const. amend. V. However, the government may charge and even "submit multiplicitous counts to the jury," so long as a defendant is not sentenced on both counts. Benoit, 713 F.3d at 18. Moreover, the Supreme Court has recognized the benefits of plea bargaining, which provides the opportunity "to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing." Missouri v. Frye, 132 S. Ct. 1399, 1407 (2012). Baum avoided the possibility of a fifteen-year mandatory minimum by agreeing to plead guilty to the possession count. See 18 U.S.C. § 2252A(a)(2)(A) & (b)(l). We conclude that the district court did not err in accepting Baum's plea agreement.

Baum next argues that the government failed to prove that the images he possessed crossed state lines and that the district court erred in accepting Baum's guilty plea because he did not know if the images had crossed state lines. Baum's arguments may have had merit under prior versions of the relevant statute. See United States v. Schaefer, 501 F.3d 1197, 1198 (10th Cir. 2007), superseded as stated in United States v. Swenson, 335 F. App'x 751, 753 (10th Cir. 2009) (unpublished). But Congress amended § 2252A(a)(5)(B) in 2008 to change the jurisdictional requirement. Swenson, 335 F. App'x at 753. The version of the statute under which Baum was convicted applies if a person knowingly possesses an image of child pornography "that has been mailed, or

shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer." § 2252A(a)(5)(B). Baum admitted that he received the images at issue through the internet. And "the Internet is generally an instrumentality of interstate commerce." Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research, 527 F.3d 1045, 1054 (10th Cir. 2008). Pursuant to the plain language of the statute, there was no need to establish that the images themselves had crossed state lines or that Baum had such knowledge.

Finally, Baum argues that the district court committed several errors in calculating his sentence. He argues that the record was insufficient to support a two-level enhancement for distribution of child pornography via a peer-to-peer file sharing program because, under United States v. Geiner, 498 F.3d 1104 (10th Cir. 2007), the government was required to show that he expected to benefit from sharing the files. Geiner, however, interprets U.S.S.G. § 2G2.2(b)(3)(B), which specifically refers to "[d]istribution for the receipt, or expectation of receipt, of a thing of value." 498 F.3d at 1110-11. Baum was subject to U.S.S.G. § 2G2.2(b)(3)(F), a catchall distribution enhancement that does not require any benefit to the distributor. Baum also contends that there was nothing in the record to prove that he possessed more than 600 images of child pornography. But the PSR, to which Baum did not object, included this information and was adopted as a factual finding of the district court. Relying on Alleyne v. United States, 133 S. Ct. 2151

(2013), Baum nonetheless contends that the government was required to prove the number of images beyond a reasonable doubt because the enhancement increased his advisory Guidelines range. Yet Alleyne addressed "[a]ny fact that, by law, increases the penalty for a crime" and specifically noted that the case "does not mean that any fact that influences judicial discretion must be found by a jury." Id. at 2155, 2163. The district court thus did not err in applying an enhancement based on the number of images.[1]

### III

For the foregoing reasons, we conclude that there are no nonfrivolous grounds for appeal. We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] Baum states in passing that his counsel was ineffective. However, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." Calderon, 428 F.3d at 931 (quotation omitted). We will not address the issue, which is only perfunctorily discussed in Baum's briefs, at this stage.