**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIAN ESPINOZA,

Defendant - Appellant.

No. 13-8030
(D. Wyoming)
(D.C. Nos. 1:12-CV-00267-ABJ and
1:08-CR-00170-WFD-1)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

This matter is before the court on Julian Espinoza's pro se request for a

certificate of appealability ("COA"). Espinoza seeks a COA so he can appeal the

district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2255 motion.

*See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a

final order denying a § 2255 motion unless the movant first obtains a COA); *id.*

§ 2255(f)(1) (setting out a one-year statute of limitations on § 2255 motions

running from the date on which the conviction became final). Because Espinoza

has not "made a substantial showing of the denial of a constitutional right," *id.*

§ 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial in federal district court, Espinoza was convicted of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). This court affirmed Espinoza's conviction on direct appeal. *United States v. Espinoza*, 403 F. App'x 3158 (10th Cir. 2010). Espinoza's conviction became final when the Supreme Court denied certiorari on March 21, 2011. *See Espinoza v. United States*, 131 S. Ct. 1710 (2011); *see also United States v. Gabaldon*, 522 F.3d 1121, 1123 (10th Cir. 2008) (noting movant's convictions became final upon the Supreme Court's denial of certiorari). Espinoza filed the instant § 2255 motion on November 2, 2012, more than seven months beyond the one-year limitations period set out in § 2255(f)(1).

Before the district court, Espinoza recognized his § 2255 motion was untimely, but asserted as follows: (1) the application of § 2255(f)(1)'s limitations period to him amounted to a violation of the Suspension Clause; and (2) he was entitled to equitable tolling because of diminished mental capacity. In a comprehensive order, the district court rejected these contentions and dismissed Espinoza's motion. The district court rejected Espinoza's Suspension Clause argument because Espinoza failed to articulate how the limitations period set out in § 2255(f)(1) rendered the habeas remedy inadequate or ineffective. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). The district court rejected Espinoza's request for equitable tolling because Espinoza failed to demonstrate he was diligent in pursuing his post-conviction remedies. Furthermore, even assuming

Espinoza was diligent, he failed to demonstrate any mental illness he might have significantly impaired his ability to file a timely § 2255 motion. In that regard, the district court noted Espinoza's correspondence with his attorney during the relevant time frame demonstrated his ability to pursue his post-conviction remedies.

The granting of a COA is a jurisdictional prerequisite to Espinoza's appeal from the denial of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Espinoza must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). When a district court dismisses a § 2255 motion on procedural grounds, a movant is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000). In evaluating whether Espinoza has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Espinoza need not demonstrate his appeal will succeed to be entitled to

a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* As a further overlay on this standard, we review for abuse of discretion the district court's decision that Espinoza is not entitled to have the limitations period in § 2255(f) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Espinoza's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Espinoza is not entitled to a COA. The district court's resolution of Espinoza's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. In particular, the district court did not abuse its discretion in determining Espinoza failed to demonstrate the type of extraordinary circumstances that would justify equitably tolling the limitations period set out in § 2255. Likewise, one cannot reasonably debate the correctness of the district court's conclusion that the application of § 2255(f)(1) to Espinoza's motion does not violate the Suspension Clause. Accordingly, this court **DENIES** Espinoza's request for a COA and **DISMISSES** this appeal. Espinoza's request to proceed on appeal *in forma pauperis* is **GRANTED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-