FILED
United States Court of Appeals
Tenth Circuit

December 16, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES WESLEY BARNES,

    Defendant - Appellant.

No. 20-5081
(D.C. No. 4:20-CV-00284-CVE-FHM &
4:18-CR-00154-CVE-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

James Barnes, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255

motion.  We deny a COA and dismiss the appeal.

**I**

Barnes was indicted for sexual exploitation of a child and possession of

methamphetamine with intent to distribute.  He was later charged in a new information

with possession of child pornography after coercing a minor to send him nude

photographs over Facebook messenger in exchange for money.  Barnes pleaded guilty to

---

[*]  This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the one-count information and was sentenced to 180 months imprisonment per the parties' stipulation. Over a year after his judgment of conviction became final, he filed a 28 U.S.C. § 2255 motion arguing that his counsel was ineffective for failing to object to sentencing enhancements and that there was no evidence that the child pornography was sent "using any means or facility of interstate commerce." 18 U.S.C. § 2252(a)(4)(B). The government moved to dismiss the motion as untimely. The district court granted the government's motion and denied a COA. Barnes now seeks a COA from this court.

**II**

A prisoner may not appeal the denial of habeas relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B). If a district court dismisses a § 2255 motion on procedural grounds, we can only issue a COA if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and [] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We do not consider whether Barnes' procedural claims are debatable because his substantive claims lack merit. Barnes first argues that his counsel was ineffective because she (1) failed to object to the district court's alleged imposition of a sentencing enhancement based on a prior assault conviction, and (2) failed to argue that the district court's sentence violated his plea agreement. To prevail on an ineffective assistance of counsel claim, the movant must demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v.

Washington, 466 U.S. 668, 687 (1984).  To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  Barnes' arguments that his counsel was ineffective are contradicted by the record.  The district court did not enhance his sentence based on a prior assault conviction, nor did it violate the terms of Barnes' plea agreement.  Rather, it imposed the 180-month sentence that the parties stipulated to after the government agreed to dismiss more serious offenses.  Barnes' counsel did not err in failing to object to the court imposing the stipulated sentence, nor can Barnes show that he was prejudiced by receiving the sentence to which he agreed.  Accordingly, his counsel was not ineffective.

Barnes argues that his guilty plea lacked a sufficient factual predicate to support the interstate element of the possession of child pornography charge.  He reasons that because the illicit images he received were not sent across state lines, they were not sent "using any means or facility of interstate commerce." 18 U.S.C. § 2252(a)(4)(B).  Although Barnes' arguments may have had merit under prior versions of the relevant statute, see United States v. Schaefer, 501 F.3d 1197, 1198 (10th Cir. 2007), Congress amended the statute in 2008 to change the jurisdictional requirement.  We have held that the version of the statute under which Barnes was convicted applies whenever the images are sent using a means of interstate commerce, and "the internet is generally an instrument of interstate commerce."  United States v. Baum, 542 F. App'x 724, 727 (10th

Cir. 2013) (unpublished) (quotation omitted).[1]  Because Barnes received the images via

Facebook messenger, an instrument of interstate commerce, there was a sufficient factual

predicate to support his guilty plea.[2]

### III

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] We may cite an unpublished opinion for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[2] Barnes additionally argues for the first time on appeal that the district court was openly biased against him, and his counsel was ineffective for failing to discover the bias before advising Barnes to accept the plea agreement.  These conclusory assertions are not supported by the record, nor does Barnes provide any evidence in support of them. Contrary to Barnes' assertions, the district court did not show bias by declining a downward departure from the sentence Barnes stipulated to, nor did the judge impose a longer sentence than the parties agreed to.  Because there is no evidence of judicial bias, the argument fails.