**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**April 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JULIAN ESPINOZA,

    Defendant - Appellant.

No. 21-8068
(D.C. No. 1:08-CR-00170-WFD-1)
(D. Wyo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Julian Espinoza, proceeding pro se,[1] appeals the district court's order

dismissing his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i),

as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. For

the reasons explained below, we vacate the court's dismissal for lack of jurisdiction

and remand with instructions to deny the motion.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Espinoza's pro se briefs liberally, but we do not act as his advocate. _United States v. Griffith_, 928 F.3d 855, 876 n.12 (10th Cir. 2019).

**Background**

In 2009, a jury convicted Espinoza of (1) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2); and (2) receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). After Espinoza argued that imposing consecutive sentences for these two counts would violate double jeopardy because both counts related to the same child pornography, the government conceded the issue, and the district court dismissed the possession count. The district court sentenced Espinoza to the statutory maximum of 240 months in prison for the receipt count, followed by a lifetime term of supervised release. *See* § 2252A(b)(1). We affirmed Espinoza's conviction on direct appeal. *United States v. Espinoza*, 403 F. App'x 315 (10th Cir. 2010) (unpublished).

In 2021, Espinoza filed a counseled motion for compassionate release, arguing that he had exhausted his administrative remedies and that relief was warranted because his age and underlying health conditions—including diabetes and high blood pressure—increased his risk of severe illness from COVID-19. Although Espinoza disclosed that he had already tested positive for COVID-19 and recovered, he argued that he could suffer serious health consequences if reinfected. In response, the government conceded both exhaustion and that Espinoza's health conditions constituted extraordinary and compelling circumstances in the context of the COVID-19 pandemic. But it asserted that the court should nevertheless deny relief because the 18 U.S.C. § 3553(a) sentencing factors weighed against a sentence reduction. The district court, after finding adequate exhaustion, declined to determine whether

Espinoza could show extraordinary and compelling circumstances because it agreed with the government that relief was not warranted under the § 3553(a) factors. As a result, the district court reasoned that it lacked authority under § 3582(c)(1)(A) to grant relief and dismissed Espinoza's motion for lack of subject-matter jurisdiction. It also denied Espinoza's motion for reconsideration.

Espinoza appeals.[2] Although Espinoza suggests in passing that we should exercise de novo review, it is well-settled that we review a district court's compassionate-release ruling for abuse of discretion. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

**Analysis**

Espinoza argues that the district court erred in denying him a compassionate-release sentence reduction. Under § 3582(c)(1)(A), a defendant may file a motion for a sentence reduction after exhausting administrative remedies, and the district court may grant a reduction if three requirements are met: (1) extraordinary and compelling circumstances warrant the reduction; (2) the reduction is consistent with the Sentencing Commission's applicable policy statements; and (3) consideration of the § 3553(a)

---

[2] Espinoza filed notices of appeal as to both the district court's denial of his compassionate-release motion and its denial of his motion for reconsideration. However, as noted by the government, Espinoza waived appellate review of the district court's reconsideration order because he did not address this order in his opening brief. *See United States v. Alvarez*, 137 F.3d 1249, 1251 n.3 (10th Cir. 1998) (finding pro se criminal defendant waived review of issues not addressed in opening brief). Indeed, even after the government identified Espinoza's waiver in its response brief, Espinoza did not address the reconsideration order in his reply brief. Thus, we limit our review to the district court's disposition of Espinoza's compassionate-release motion.

factors warrants a reduction. § 3582(c)(1)(A)(i); *see also United States v. McGee*, 992

F.3d 1035, 1042–43 (10th Cir. 2021). The district court can consider these three

requirements in any order and can deny relief if any requirement is lacking. *See United*

*States v. Hald*, 8 F.4th 932, 942–43, 947 (10th Cir. 2021), *petition for cert. filed* (U.S.

Dec. 15, 2021) (No. 21-6594). Moreover, we have held that there are currently no

applicable policy statements for defendant-filed compassionate-release motions,

rendering the second factor irrelevant here. *See McGee*, 992 F.3d at 1050.

On appeal, Espinoza argues that the district court abused its discretion in

concluding that the § 3553(a) factors weighed against reducing his sentence. Section

3553(a) directs courts to consider certain factors when making sentencing decisions.

These factors include (1) the nature and circumstances of the crime and the

defendant's history and characteristics; (2) the need for the sentence to reflect the

seriousness of the crime, promote respect for the law, and provide just punishment;

(3) the need for the sentence to deter criminal behavior, protect the public from the

defendant, and provide the defendant with effective medical care; (4) the need to

avoid unwarranted sentencing disparities among those with similar records who have

been convicted of similar conduct. *See* § 3553(a)(1)–(2), (6). It is within the district

court's discretion to weigh these factors, and we will not reverse unless the district

court "made a clear error of judgment or exceeded the bounds of permissible choice

in the circumstances." *Hald*, 8 F.4th at 949–50 (quoting *United States v. Chavez-*

*Meza*, 854 F.3d 655, 659 (10th Cir. 2017)).

Weighing these factors, the district court first considered the "especially atrocious" nature and circumstances of Espinoza's offense. R. vol. 1, 217; *see also* § 3553(a)(1). Specifically, the district court noted that Espinoza possessed thousands of images of child pornography, including images that were sadistic, depicted violence, and involved children under the age of 12. The district court acknowledged Espinoza's contention that his sentence was longer than sentences imposed on other child-pornography offenders, but it concluded that this was for "good reason," noting multiple sentencing enhancements triggered by Espinoza's own behavior. R. vol. 1, 217; *see also* § 3553(a)(6) (directing sentencing court to avoid "*unwarranted* sentence disparities" (emphasis added)). In particular, the district court noted a six-level enhancement triggered by the nature of the pornography, a five-level enhancement triggered by the sentencing court's finding that Espinoza had engaged in a pattern of hands-on sexual abuse of minor children, and a two-level enhancement for obstructing justice by committing perjury on the stand at trial. And although the district court commended Espinoza for his rehabilitation efforts in prison, it found that the sentence reduction Espinoza sought would not adequately deter future criminal conduct. Finally, the district court rejected Espinoza's argument that he could not reoffend because of his poor vision and also found that nothing in the record indicated Espinoza was not receiving proper medical care.

On appeal, Espinoza challenges the district court's analysis by arguing that he deserves early release for several reasons. First, Espinoza asserts he is statistically unlikely to reoffend or pose a danger to the community, citing his age, health

conditions, remorse for his prior conduct, clean prison record, and rehabilitation efforts. Although Espinoza may be correct, these factors do not cast significant doubt on the district court's decision, especially given that the district court expressly recognized Espinoza's rehabilitation efforts but found that such efforts did not outweigh other considerations.

Next, Espinoza emphasizes that he had no prior criminal history and reasserts that his sentence is "far beyond the norm for his crime." Aplt. Br. 10. But Espinoza fails to acknowledge the district court's explanation for his lengthy sentence—the enhancements triggered by Espinoza's possession of violent and sadistic child pornography, history of uncharged child sexual abuse, and obstruction of justice. Thus, we reject this argument for the same reasons articulated by the district court.

Finally, Espinoza asserts that "it is difficult to understand" which of the § 3553(a) factors the district court believed he did not meet. Aplt. Br. 11. Contrary to this assertion, the district court carefully explained that multiple factors weighed against release, including the nature and circumstances of the offense, Espinoza's history and characteristics, the need to deter future criminal conduct, and the need for the sentence to reflect the seriousness of the offense. Moreover, we have explained that a district court's compassionate-release analysis need not be detailed; rather, a district court need only show that it considered the defendant's arguments and had a

reasoned basis for denying relief. *See Hald*, 8 F.4th at 948. This requirement was met here.[3]

In sum, Espinoza has not identified any aspect of the district court's decision that would constitute an abuse of discretion. After carefully considering Espinoza's motion, the parties' briefing, and the relevant portions of the record, we are not left with a definite and firm conviction that the district court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* at 949–50 (quoting *Chavez-Meza*, 854 F.3d at 659).

Although we find no abuse of discretion in the district court's § 3553(a) analysis, we note that its ultimate disposition of Espinoza's motion was a dismissal for lack of jurisdiction. In light of recent precedent clarifying that § 3582(c)(1)(A)'s requirements are not jurisdictional, we remand for the district court to deny, rather than dismiss, the motion. *See id.* at 942 n.7 (declining to read jurisdictional element into § 3582(c)(1)(A)'s extraordinary-and-compelling requirement); *United States v. Wills*, No. 21-3060, 2021 WL 4205160, *2–3 (10th Cir. Sept. 16, 2021) (unpublished) (finding no abuse of discretion in district court's determination that 3553(a) factors weighed against compassionate release but vacating district court's order dismissing motion for lack of subject-matter jurisdiction in light of *Hald* and

---

[3] Espinoza also argues that he could receive timely medical care and a COVID-19 booster if released. Although this may be true, we are not persuaded that this factor undermines the district court's analysis.

remanding with instructions to deny motion).[4]

As a final matter, we deny Espinoza's motion to supplement his reply brief with an exhibit regarding prison conditions because Federal Rule of Appellate Procedure 10(e) generally does not permit parties to supplement the record with new materials on appeal and Espinoza's motion does not present a "rare exception" to such rule. *See United States v. Kennedy*, 225 F.3d 1187, 1191–92 (10th Cir. 2000) (explaining that although this court may exercise its "inherent equitable power to supplement the record on appeal," exercise of such discretion is "rare exception" to Rule 10(e)).

## Conclusion

We vacate the district court's dismissal for lack of jurisdiction, remand with instructions to deny the motion, and deny Espinoza's motion to supplement.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[4] We cite this unpublished case for its persuasive value. *See* 10th Cir. R. 32.1(A).