NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GABRIEL JOHN SANCHEZ, *Appellant.*

No. 1 CA-CR 14-0373
FILED 8-4-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-003526-002
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Michael J. Brown joined.

**G E M M I L L**, Judge:

¶1          Gabriel John Sanchez appeals his conviction and sentence for one count of aggravated assault, a class 5 felony.  Sanchez's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Sanchez was afforded the opportunity to file a *pro se* supplemental brief but did not do so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).  On May 13, 2013, Detention Officer T. was working laundry duty with his partner, Officer A., at the Fourth Avenue Jail in Phoenix.  Officer T. alerted to multiple inmates huddled together on the second floor walkway, whereupon he saw one inmate bend down and pick up "something white or beige."  Officer T. suspected the item was a weapon or other form of contraband so he and Officer A. went to the inmate's cell to investigate.  After Officer A. signaled to the officer in the tower to open the cell door, Officer T. requested twice that the inmate open his left hand.  The inmate, standing inside the cell doorway, gave no response and started to walk away from Officer T.  After initially turning away, the inmate turned back and punched Officer T. in the face with a closed fist.  At trial, Officer T. identified the inmate as Gabriel Sanchez.

¶3          After being struck, Officers T. and A. entered the cell to contain Sanchez.  As they were putting Sanchez in handcuffs, Sanchez's cellmate "jumped up and started punching [Officer A.] on the side of the face."  The officers used pepper spray to defend themselves and were eventually able to place both inmates in custody.  Sanchez's cellmate was later identified as Jonathan Fields, who is African-American and taller than Sanchez, who is Hispanic.

¶4          There were discrepancies in the Incident and Disciplinary Action Reports as to the two inmates' identities and respective roles in the altercation.  The Incident Report was offered but not admitted into evidence; the parties stipulated to admission of the Disciplinary Action Reports.  As part of the administrative proceedings levied against Sanchez and Fields, the Disciplinary Action Reports identify Fields as the original

assailant of Officer T., though the Incident Report and witness testimony positively identify Sanchez as the inmate who initially punched Officer T.

¶5 Prior to trial, Sanchez filed a motion to dismiss based on the State's untimely disclosure of exculpatory evidence—the Disciplinary Reports. The trial court granted Sanchez's motion in part, explaining that "the State clearly violated its disclosure obligations" pursuant to Arizona Rule of Criminal Procedure 15.1. But it also explained that "the Court must impose a sanction proportionate to the harm caused . . . and that sanction should affect the merits of the case as little as possible." Accordingly, Sanchez was able to introduce the exculpatory Disciplinary Reports at trial and the jury was informed that the reports had been untimely disclosed.

¶6 Following the State's case in chief, Sanchez moved for a directed verdict pursuant to Rule 20. His position was "that reasonable minds could come to one conclusion," given that "all the reports say that it was Fields that hit [Officer T.]." The trial court denied the motion, declaring the discrepancies between the Disciplinary Reports and the testimony to be "a classic case of facts for the jury to decide."

¶7 The eight-member jury convicted Sanchez of aggravated assault. A trial on prior convictions was held as part of the sentencing hearing, and Sanchez stipulated to two prior felony convictions. He was sentenced to a presumptive term of five years' imprisonment to run consecutively to his release from three prior 2011 convictions. Sanchez was credited with 264 days of presentence incarceration.

¶8 Sanchez appealed his conviction and sentence. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

¶9 Sanctions for non-disclosure will be reviewed for an abuse of discretion, though a trial court's denial of a Rule 20 motion for acquittal is reviewed de novo. *State v. Armstrong*, 208 Ariz. 345, 353–54, ¶ 40 (2004); *State v. Bon*, 236 Ariz. 249, 251, ¶ 5 (App. 2014).

¶10 We discern no abuse of discretion in the trial court's rulings regarding the State's disclosure obligations and sanction. The Deputy County Attorney made a good faith effort to obtain the requested records

from the detention division of the Maricopa County Sheriff's Office, and the appropriate sanction must be proportionate to the prejudice placed upon Sanchez. *Jimenez v. Chavez*, 234 Ariz. 448, 452, ¶¶ 17–18 (App. 2014). Admitting the exculpatory Disciplinary Reports into evidence and stipulating to the State's late disclosure of those reports was well within the court's discretion as a proportionate cure for any prejudice suffered by Sanchez.

¶11        The trial court also appropriately denied Sanchez's Rule 20 motion for acquittal, as we agree that the contrast between the Disciplinary Reports and the detention officers' testimony at trial was a "classic case of facts for the jury to decide." "[A] directed verdict should not be granted if the evidence is such that reasonable minds may differ on the inferences to be drawn therefrom." *State v. Paoletto*, 133 Ariz. 412, 416 (App. 1982). A directed verdict of acquittal is not required simply because an inference of innocence exists. *State v. Ortiz*, 9 Ariz. App. 116, 118 (App. 1969). Here, the detention officers testified they observed Sanchez striking Officer T., and there was testimony as to possible administrative error in preparing the conflicting Disciplinary Reports. The jury verdict is supported by substantial evidence.

¶12        Sanchez, through his counsel, also "asserts that the jurors were prejudiced in favor of police witnesses." "Because the trial court observes firsthand a juror's demeanor and credibility," we will not set aside that court's assessment of a juror's fairness and impartiality absent a clear abuse of discretion. *State v. Trostle*, 191 Ariz. 4, 12–13 (1997); *see also State v. Eddington*, 226 Ariz. 72, 75–76, ¶ 5 (App. 2010). Furthermore, the party challenging the jury's fairness and impartiality has the burden of establishing juror bias. *Trostle*, 191 Ariz. at 13.

¶13        We note initially that Sanchez has not identified any portion of the record that demonstrates juror bias. Our own review of the record has revealed no such bias. During jury selection, the trial court expressly asked the prospective jurors if anyone "would be concerned that they would believe a police officer over any other witness?" The court then identified eight jurors with possible biases favoring law enforcement, but none of these people were selected for the jury.

¶14        Moreover, the final written jury instructions explained that "[t]he testimony of a law enforcement officer is not entitled to any greater or lesser importance or believability merely because of the fact that the witness is a law enforcement officer." Arizona Rule of Criminal Procedure

21.3(d) mandates that "a copy of the instructions shall be furnished to each juror before being read by the court." The record indicates the final jury instructions were read to the jury, but the trial court — according to the transcript — apparently did not read the "testimony of law enforcement" instruction. However, in the absence of a reason in the record to conclude otherwise, we assume the jury was provided with the written instructions and followed the court's oral and written instructions. Juror prejudice "will not be presumed but must appear affirmatively from the record." *Trostle*, 191 Ariz. at 13.

¶15 Furthermore, "no party may assign as error on appeal the court's giving or failing to give any instruction . . . unless the party objects thereto before the jury retires to consider its verdict." Ariz. R. Crim. P. 21.3(c). Sanchez did not object to the trial court's failure to read a particular jury instruction, so we review only for fundamental error. *State v. Henderson*, 210 Ariz. 561, 607, ¶ 19 (2005). Having reviewed the record, we conclude that no fundamental, reversible error occurred with respect to any alleged juror bias or prejudice in favor of the testimony of the law enforcement officers.

¶16 Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none. The evidence presented supports the conviction and the sentence imposed falls within the range permitted by law. As far as the record reveals, Sanchez was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶17 Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Sanchez of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Sanchez has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶18        The conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: RT